| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | WESTERN DISTRICT OF TEXAS MIDLAND DIVISION |

| | | |
|---|---|---|
| MICHAEL LYNN TAYLOR, Individually and On Behalf of All Others Similarly Situated, *Plaintiff(s)*, v. JHS CONSTRUCTION, INC. and JUSTIN STEADMAN, *Defendant(s).* | § § § § § § § § § § § § § § | No.  7:21-cv-00006 |

# PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Michael Lynn Taylor (referred to as "Plaintiff" or "Taylor") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant JHS Construction Inc. (referred to as "JHS") and Defendant Justin Steadman (referred to as "Steadman") who were paid at the same rate of pay for all of the hours they worked during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

## I. Nature of Suit

1. Taylor's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. JHS and Steadman violated the FLSA by employing Taylor and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. JHS and Steadman willfully violated the FLSA because they knew or showed a reckless disregard for whether their pay practices were unlawful.

6. Taylor brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of JHS and Steadman who were paid at the same rate of pay for all of the hours they worked during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Taylor's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III. Parties

9. Taylor is an individual who resides in Gregg County and who was employed by JHS and Steadman during the last three years.

10. JHS is a Texas corporation that may be served with process by serving its registered agent:

> Justin Steadman
> 3004 SCR 1067
> Midland, Texas 79706

Alternatively, if the registered agent of JHS cannot with reasonable diligence be found at the company's registered office, JHS may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11. Defendant Justin Steadman is an individual and may be served with process at:

> Justin Steadman
> 3004 SCR 1067
> Midland, Texas 79706

Alternatively, Justin Steadman may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

12. An allegation that JHS committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of JHS or was done in the normal

course and scope of employment of JHS' officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

13. JHS is a welding services company for the oil and gas industry.

14. JHS does business in the territorial jurisdiction of this Court.

15. JHS employed Taylor from approximately March of 2018 to March 2020.

16. JHS employed Taylor as a welder's helper.

17. Steadman is the president of JHS and was also Taylor's employer. Steadman is responsible for JHS' pay practices and exercises substantial control over JHS' finances and operations. Accordingly, Steadman is individually liable for JHS' illegal pay practices alleged herein.

18. Steadman implemented JHS' pay practices and retain control over those practices. Among other things, Steadman had authority to set rates and methods of paying JHS employees, including Taylor.

19. As the manager of JHS, Steadman had authority over JHS' personnel decisions such as the hiring and firing of JHS employees, as well as determining employee work schedules. For example, Steadman personally terminated Taylor in March 2020 and made other hiring and firing decisions throughout Taylor's employment with JHS.

20. As a welder helper's, Taylor was primarily responsible for, assisting welders.

21. During Taylor's employment with JHS, he was engaged in commerce or in the productions of goods for commerce.

22. During Taylor's employment with JHS, the company had employees engaged in commerce or in the production of goods for commerce.

23. During Taylor's employment with JHS, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

24. During Taylor's employment with JHS, the company had an annual gross volume of sales made or business done of at least $500,000.

25. JHS paid Taylor on an hourly basis.

26. JHS paid Taylor on a weekly basis by direct deposit.

27. During Taylor's employment with JHS, he regularly worked in excess of forty hours per week.

28. JHS knew or should have known that Taylor worked in excess of forty hours per week.

29. JHS did not pay Taylor for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, JHS paid Taylor at the same rate of pay for all of the hours he worked.

31. Taylor was not exempt from the maximum hour requirements of the FLSA.

32. As a welder's helper, Taylor' primary duties were nonexempt.

33. As a laborer, machine operator and/or welder, Taylor' primary duties did not include office or nonmanual work.

34. As a welder's helper, Taylor' primary duties were not directly related to the management or general business operations of JHS or its customers.

35. As a welder's helper, Taylor' primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

36. As a welder's helper, Taylor did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

37. As a welder's helper, Taylor was, instead, required to follow JHS's policies, practices and procedures.

38. As a welder's helper, Taylor did not have any independent authority to deviate from JHS's policies, practices and procedures.

39. JHS knew or should have known that Taylor was not exempt from the maximum hour requirements of the FLSA.

40. JHS willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

41. During Taylor' employment with JHS, the company did not maintain accurate time and pay records for Taylor as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

42. During Taylor' employment with JHS, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

43. JHS continued the pay practice(s) complained of by Taylor without investigation after being put on notice that the pay practice(s) violated the FLSA.

44.   JHS has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

45.   Prior to this lawsuit, JHS conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Taylor.

46.   Because JHS willfully violated the FLSA, the company is liable to Taylor for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

47.   As a result of the FLSA violation(s) described above, JHS is liable to Taylor for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

48.   All welder's helpers employed by JHS during the last three years are similarly situated to Taylor because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from JHS and Steadman under 29 U.S.C. § 216(b).

## V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

49.   Taylor adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50.   During Taylor' employment with JHS, he was a nonexempt employee.

51. As a nonexempt employee, JHS was legally obligated to pay Taylor "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

52. JHS did not pay Taylor "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

53. Instead, JHS paid Taylor at the same rate of pay for all of the hours he worked.

54. If JHS classified Taylor as exempt from the maximum hour requirements of the FLSA, he was misclassified.

55. As a result of the FLSA violation(s) described above, JHS and Steadman are liable to Taylor for back wages equal to the difference between what the company should have paid and what it actually paid.

### VI.  Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

56. Taylor adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

57. JHS willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

58. During Taylor's employment with JHS, the company did not maintain accurate time and pay records for Taylor as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

59. During Taylor' employment with JHS, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

60. JHS continued the pay practice(s) complained of by Taylor without investigation after being put on notice that the pay practice(s) violated the FLSA.

61. JHS has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

62. Prior to this lawsuit, JHS conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Taylor.

63. Because JHS willfully violated the FLSA, the company and Steadman are liable to Taylor for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

64. Taylor adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

65. On information and belief, other employees of JHS have been victimized by the FLSA violation(s) described above.

66. These employees are similarly situated to Taylor because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

67. JHS' unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

68. Since Taylor' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

69. For these reasons, Taylor requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

All welder's helpers employed by JHS during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid at the same rate of pay for all of the hours they worked.

70. JHS and Steadman are liable to Taylor and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

71. Taylor has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Count Four—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

72. Taylor adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

73. Taylor is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

74. Taylor is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

75. Taylor has retained the professional services of the undersigned attorneys.

76. Taylor has complied with the conditions precedent to recovering attorney's fees and costs.

77. Taylor has incurred or may incur attorney's fees and costs in bringing this lawsuit.

78. The attorney's fees and costs incurred or that may be incurred by Taylor were or are reasonable and necessary.

79. JHS and Steadman are liable to Taylor and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX. Relief Sought

80. Taylor demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

    b. an incentive award for Taylor for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    c. judgment against JHS and Steadman in Taylor's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    d. all other relief and sums that may be adjudged against JHS and Steadman in Taylor' favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
melissa@mooreandassociates.net
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
State Bar No. 24107417
Federal Id. No. 3487389
renu@mooreandassociates.net